UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DANA RUNFOLA,

                Plaintiff,

v.                                                                                                  1:19-CV-0868
                                                                                                    (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                                                    OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC         KELLY LAGA-SCIANDRA, ESQ.
  Counsel for Plaintiff                                       KENNETH HILLER, ESQ.
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                         LAURA BOLTZ, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II   RICHARD PRUETT, ESQ.
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      The parties consented, in accordance with a Standing Order, to proceed before the undersigned. (Dkt. No. 16.) The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is granted to the extent it seeks remand for further proceedings, and the Commissioner's motion is denied.

I.    **RELEVANT BACKGROUND**

    A.    **Factual Background**

Plaintiff was born in 1969.  (T. 82.)  She completed high school.  (T. 162.) Generally, Plaintiff's alleged disability consists of lumbar/sacral impairment, curvature in spine, depression, anxiety, high blood pressure, and acid reflux.  (T. 76-77.)  Her alleged disability onset date is July 30, 2015.  (T. 76.)

    B.    **Procedural History**

On August 17, 2015, Plaintiff applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.  (T. 76.)  Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ").  On January 11, 2018, Plaintiff appeared before the ALJ, Michael Carr.  (T. 35-75.)  On July 17, 2018, ALJ Carr issued a written decision finding Plaintiff not disabled under the Social Security Act.  (T. 13-32.)  On April 30, 2019, the AC denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.  (T. 1-7.)  Thereafter, Plaintiff timely sought judicial review in this Court.

    C.    **The ALJ's Decision**

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law.  (T. 18-28.)  First, the ALJ found Plaintiff had not engaged in substantial gainful activity since August 17, 2015; however, she engaged in substantial gainful activity from October 11, 2016 to December 18, 2016.  (T. 18.)  The ALJ determined there had been a continuous 12-month period during which Plaintiff did not engage in substantial gainful activity.  (T. 18-19.)  Second, the ALJ found Plaintiff had the severe impairments of: obesity; lumbar spine disorder status post-surgery; and

2

carpal tunnel syndrome.  (T. 19.)  Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1.  (T. 22.)  Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 416.967(a); except:

> [Plaintiff] can only do occasional postural activities, with no climbing ladders/ropes/scaffolds, no crouching, and no crawling; [Plaintiff] can frequently handle/finger; and while remaining at the workstation, needs to alternate to standing for 2 minutes after every 30 minutes of sitting and needs to alternate to sitting for 2 minutes after every 30 minutes of standing or walking.

(T. 22.)[1]  Fifth, the ALJ determined Plaintiff had no past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform.  (T. 26-28.)

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Arguments

Plaintiff makes two separate arguments in support of her motion for judgment on the pleadings.  First, Plaintiff argues the ALJ failed to adequately develop the record despite knowledge of outstanding relevant evidence and proceeded to issue a decision on a record with obvious gaps.  (Dkt. No. 9 at 12-17.)  Second, and lastly, Plaintiff argues the ALJ's highly specific RFC was not tethered to any medical evidence or opinion and therefore based on his own law opinion.  (*Id*. at 17-23.)  Plaintiff also filed a reply in which she reiterated her original arguments.  (Dkt. No. 15.)

---

[1]   Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.  20 C.F.R. § 416.967(a).

### B.     Defendant's Arguments

In response, Defendant makes one argument. First, Defendant argues substantial evidence supported the ALJ's finding that Plaintiff retained the ability to perform limited sedentary work. (Dkt. No. 14 at 11-15.)

## III.    RELEVANT LEGAL STANDARD

### A.     Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

## B.     Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  *See* 20 C.F.R. § 416.920.  The Supreme Court has recognized the validity of this sequential evaluation process.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

**IV.   ANALYSIS**

   **A.   RFC Determination**

Plaintiff argues the ALJ's RFC was the product of legal error because the ALJ failed to provide a function-by-function analysis of work-related capacities as is required when an RFC does not correspond with a medical opinion. (Dkt. No. 9 at 22.) Specifically, Plaintiff argues the ALJ failed to provide an explanation to support the sit/stand limitation contained in the RFC, the limitation did not correspond to any evidence in the record and was based on the ALJ's lay interpretation of the record. (*Id*. at 17-20.)

The RFC is an assessment of "the most [Plaintiff] can still do despite [her] limitations." 20 C.F.R. § 416.945(a)(1). The ALJ is responsible for assessing Plaintiff's RFC based on a review of relevant medical and non-medical evidence, including any statement about what Plaintiff can still do, provided by any medical sources. *Id*. §§ 416.927(d), 416.945(a)(3), 416.946(c).

In general, an ALJ's RFC determination is not fatally flawed merely because it was formulated absent a medical opinion. The Second Circuit has held that where, "the record contains sufficient evidence from which an ALJ can assess the [plaintiff's] residual functional capacity, a medical source statement or formal medical opinion is not necessarily required." *Monroe v. Comm'r of Soc. Sec.,* 676 F. App'x 5, 8 (2d Cir. 2017) (internal quotations and citation omitted); *see Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the

evidence available to make an RFC finding that was consistent with the record as a whole."). Further, the ALJ is obligated to formulate a plaintiff's RFC based on the record as a whole, not just upon the medical opinions alone. *Trepanier v. Comm'r of Soc. Sec. Admin.*, 752 F. App'x 75, 79 (2d Cir. 2018); *see Johnson v. Colvin*, 669 F. App'x 44, 46 (2d Cir. 2016) (ALJ relied on a variety of evidence to formulate RFC).

In addition, remand is not necessary merely because the ALJ failed to conduct an explicit function-by-function analysis at step four. *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). Indeed, "[a]n ALJ is not required to discuss in depth every piece of evidence contained in the record, so long [as] the evidence of record permits the Court to glean the rationale of an ALJ's decision." *Cichocki,* 729 F.3d at 178 n.3 (quoting *Mongeur v. Heckler,* 722 F.2d 1033, 1040 (2d Cir.1983)).

Remand may be appropriate where there are "inadequacies in the ALJ's analysis [that] frustrate meaningful review." *Cichocki,* 729 F.3d at 177. In other words, an ALJ must conduct an analysis that would permit adequate review on appeal, and the ALJ's conclusions must be supported by relevant medical evidence. *Winn v. Colvin*, 541 F. App'x. 67, 70 (2d Cir. 2013); *see Thomas v. Berryhill*, 337 F. Supp. 3d 235, 244 (W.D.N.Y. 2018) (citing *Sewar v. Berryhill*, 2018 WL 3569934, *2 (W.D.N.Y. July 25, 2018) ("What is required is that the ALJ explain the bases for his findings with sufficient specificity to permit meaningful review.")). As further outlined below, meaningful review is frustrated because the ALJ failed to provide sufficient analysis to permit this Court to glean his rational supporting his RFC determination.

Although the ALJ accurately summarized the evidence in the record, it is unclear from the ALJ's decision what evidence he relied on in formulating the RFC

determination. After summarizing evidence in the record, the ALJ stated his RFC determination was supported by "the overall evidence of record" and "no further restrictions are warranted by the evidence than those set forth above in [Plaintiff's] residual functional capacity finding." (T. 31.) The only discussion the ALJ provided connecting the evidence and the RFC was his statement he considered Plaintiff's testimony in his RFC by allowing her to "alternate positions." (T. 26.) However, the ALJ failed to provide any further discussion or rationale to support the remainder of the RFC and the ALJ's rational cannot be gleaned from his decision.

Further, although the ALJ stated he relied on Plaintiff's testimony in affording her a sit/stand option, Plaintiff testified she could stand "15, 20 minutes" and then needed to sit. (T. 56.) She further testified she could sit for "5, 10 minutes." (*Id*.) Meaningful review is frustrated because the ALJ stated he relied on Plaintiff's testimony in formulating a sit/stand option; however, Plaintiff's testimony is not reflected in the RFC and the ALJ failed to resolve this inconsistency.

Defendant argues the consultative examiner's opinion supported the ALJ's RFC and the opinion was given before surgery which ultimately improved Plaintiff's back condition. (Dkt. No. 14 at 11.) However, this court may not "create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself." *Petersen v. Astrue*, 2 F. Supp. 3d 223, 234 (N.D.N.Y. 2012) (quoting *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005)); *see Thomas v. Colvin*, 302 F. Supp. 3d 506, 511 (W.D.N.Y. 2018) ("*post hoc* rationalizations are not an appropriate substitute for an ALJ's duty to support her conclusions by reference to substantial evidence").

Consultative examiner, Abrar Siddiqui, M.D., provided the only medical opinion in the evidence. (T. 450-456.) On November 2, 2015, Dr. Siddiqui examined Plaintiff and opined she had "moderate limitations in [her] ability to sit, stand, climb, push, pull, or carry heavy objects." (T. 453.) The ALJ afforded the opinion "partial weight," reasoning it was based on an in-person examination, provided prior to Plaintiff's 2016 back procedure, and the term "moderate" was "vague." (T. 25-26.)

In addition, although a plaintiff is not necessarily disabled because a doctor opines she is "moderately" limited in sitting, an ALJ is required "to discuss and provide reasons tending to support the finding that, despite the moderate limitations . . .[Plaintiff] could still perform light [or sedentary] work." *Toomey v. Colvin*, No. 15-CV-730, 2016 WL 3766426, at *4 (W.D.N.Y. July 11, 2016) (citing *Carroll v. Colvin*, No. 13-CV-456S, 2014 WL 2945797, at *4 (W.D.N.Y. June 30, 2014)).

Although the ALJ discussed Plaintiff's 2016 back surgery and noted Dr. Siddiqui provided his opinion prior to the surgery, the ALJ did not conclude the opinion was entitled to less weight because the surgery improved Plaintiff's condition. (T. 25-26.) Indeed, the ALJ acknowledged Plaintiff's back surgery and her reports of symptom improvement; however, the ALJ merely summarized the evidence in the record and did not, as asserted by Defendant, provide an analysis connecting this evidence to his ultimate RFC determination. (T. 25-26.) Further, Dr. Siddiqui indicated Plaintiff's "morbid obesity" contributed to the opined restrictions, not just her back impairment. (T. 453.) Therefore, further analysis is needed to determine to the extent Plaintiff's back surgery and obesity affected her ability to function in relation to Dr. Siddiqui's opinion and the record as a whole.

Here, remand is appropriate because there are "inadequacies in the ALJ's analysis [that] frustrate meaningful review." *Cichocki,* 729 F.3d at 177.  Remand is required because the ALJ failed to provide sufficient analysis connecting the evidence in the record, including Plaintiff's testimony and Dr. Siddiqui's opinion, to his RFC determination. *Toomey,* 2016 WL 3766426, at *4 (remand required where the ALJ's decision contained a recitation of the medical evidence, but lacked any explanation connecting that evidence to the RFC determination).

### B.    Plaintiff's Remaining Argument

Plaintiff also argues the ALJ failed to adequately develop the record.  (Dkt. No. 9 at 12-17.)  Because remand is necessary to address the errors already identified, additional development of the record may be conducted on remand.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is **<u>GRANTED</u>**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 14) is **<u>DENIED</u>**; and it is further

**ORDERED** that this matter is **REMANDED** to Defendant, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated:     November 9, 2020

*Bill Carter* (signature)
William B. Mitchell Carter
U.S. Magistrate Judge